UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. _____

**SUNBELT RENTALS, INC.,**

      **Plaintiff,**

v.

**SUPREME MOBILE WELDING, LLC,
and MATTHEW JOHNSTON,**

      **Defendants.**

_____/

## COMPLAINT

Plaintiff, Sunbelt Rentals, Inc. ("Sunbelt") files this complaint against Supreme Mobile Welding, LLC ("Supreme Mobile Welding") and Matthew Johnston ("Johnston").

### Parties

1. Plaintiff Sunbelt is a corporation formed under the laws of North Carolina. Its principal place of business is in South Carolina.

2. Defendant Supreme Mobile Welding is a limited liability company formed under the laws of the State of Florida. Upon information and belief, its members are resident citizens of the State of Florida.

3. Upon information and belief, Defendant Johnston is an adult resident citizen of the State of Florida.

### Jurisdiction

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of costs.

5. This Court has personal jurisdiction over Defendants because they conduct and transact business in the State of Florida and are citizens of the State of Florida.

## Venue

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 because Defendants are resident citizens of this jurisdiction and conduct and transact business in this jurisdiction.

## Facts

7. Sunbelt rents equipment to its customers for use primarily in construction projects.

8. In January 2018, Johnston executed on Supreme Mobile Welding's behalf a Sunbelt Application for Credit & Rental Agreement (the "Application").

9. Part of the Application included a provision for a personal guaranty (the "Guaranty") of Supreme Mobile Welding's debts to Sunbelt.

10. Johnston executed in his individual capacity the Guaranty as Supreme Mobile Welding's guarantor.

11. A copy of the Application is attached as Exhibit 1.

12. Sunbelt's approval of the Application established an open account through which Supreme Mobile Welding could rent equipment from Sunbelt on credit.

13. The Application contained contractual terms that apply to the open account ("Open Account Terms").

14. During 2019 and 2020, Sunbelt rented certain pieces of equipment (the "Equipment") to Supreme Mobile Welding.

15. Supreme Mobile Welding used the Equipment on construction projects.

16. Supreme Mobile Welding did not fully pay Sunbelt for the Equipment that Sunbelt rented to Supreme Mobile Welding for use with the projects.

17. Unpaid invoices (the "Invoices") reflecting the Equipment that Supreme Mobile Welding rented from Sunbelt are attached as Exhibit 2.

18. An account summary showing the Invoices and late charges is attached as Exhibit 3.

19. Exhibit 3 reflects that the total unpaid principal amount of the Invoices and late charges is $137,040.29 (the "Principal Amount").

20. The Open Account Terms provide for a service charge that accrues at a rate of one and one-half percent (1.5%) per month on the balance of delinquent invoices until the invoices are fully paid.

21. Exhibit 3 accurately calculates service charges accrued on the Invoices and late charges through May 20, 2020 as $14,039.24.

22. Service charges continue to accrue.

23. The Open Account Terms provide that Sunbelt can recover from Supreme Mobile Welding all the reasonable attorneys' fees and costs it incurs to collect amounts Supreme Mobile Welding owes Sunbelt.

### Claim 1 – Breach of Contract

24. Sunbelt incorporates the previous allegations presented in this complaint.

25. The approved Application, the Invoices, and the Open Account Terms constituted a contract in which Sunbelt rented Supreme Mobile Welding the Equipment on an open account.

26. Supreme Mobile Welding breached that contract by not fully paying Sunbelt for its rental of the Equipment.

27. Sunbelt suffered damages because of Supreme Mobile Welding's breach of contract.

### Claim 2 – Breach of Guaranty

28. Sunbelt incorporates the previous allegations presented in this complaint.

29. Johnston executed the Guaranty as Supreme Mobile Welding's Guarantor.

30. Johnston has failed to pay Sunbelt the amounts Supreme Mobile Welding owes Sunbelt.

31. Sunbelt has suffered damages because of Johnston's breach of the Guaranty.

### Demand for Relief

ACCORDINGLY, Sunbelt respectfully requests that the Court enter a judgment in Sunbelt's favor granting the following relief against Defendants jointly and severally:

   i. the Principal Amount,

   ii. accrued service charges that have accrued to date and that will continue to accrue until the Principal Amount is fully collected,

   iii. attorneys' fees and other costs Sunbelt has incurred and will incur to collect the amounts Defendants owe Sunbelt,

   iv. pre-judgment interest,

   v. post-judgment interest, and

   vi. any other relief the Court deems appropriate.

Dated:  May 26, 2020.

        Respectfully submitted,

        SUNBELT RENTALS, INC.

        By: /s/ Raymond L. Robin
        Raymond L. Robin
        Keller Landsberg PA
        Broward Financial Centre
        500 E. Broward Boulevard, Suite 1400
        Fort Lauderdale, Florida 33394
        (954) 761-3550

        *Attorney for Sunbelt Rentals, Inc.*

52929180.v1